The facts are, that the complainant procured William Giles to convey to his daughter, the present wife of Urie, forty acres of land, and afterwards gave to Francis Urie, and his wife and his heirs, by deed. 160 acres, part of which were for her further advancement, and part for the forty acres, which were to be conveyed to him by Urie and wife; on the same day when he executed the conveyance to Urie and wife of the 160 acres, Urie executed to him a deed for the forty acres, drawn to be signed *Page 126 
by him and his wife. In this deed it is stated that these forty acres were conveyed to the complainant because they had got their portion, part or share elsewhere. The wife of Urie was afterwards about to execute this deed, and Urie prevented her. The first question is, Ought this contract to have been testified by writing Answer: the deed signed by Urie is a proof inequity that such was the agreement, and no other writing is needful. It proves that he contracted, and it is upon his contract that this bill proceeds. He is ordered to procure his wife to join upon the same principle that he would be ordered to get any other person to sign for whose act he had undertaken. The second question is, What is the remedy for the plaintiff? Answer: a decree that the defendant shall procure the wife to join in the conveyance on or before a day to be fixed by the Court; or otherwise, that he shall, after that time, pay the value of the lands to the complainant. 1 Ves. 572. Decree that the defendant Urie shall cause his wife Margaret to join with him to execute a deed for the forty acres of laud mentioned and described in the complainant's bill, and make such acknowledgment thereof, and to undergo such privy examination in relation thereto, as will be sufficient in law to vest the said land in such persons, who are the present complainants, as are entitled to the said lands under and by virtue of the last will of the original complainant, James Espie; namely, William, Robert, George, Caty, and Sally Espie, their respective heirs and assigns forever; and if, on or before that day, the said estate in fee shall not be passed to and vested in the said persons last mentioned as before is herein directed, that then the said persons last named shall receive from the said defendant, Urie, the said full value of the said forty acres of land as the same are now worth, to be ascertained by a report of the clerk and master of this court, to be made to this court at the term thereof which shall next ensue the said *Page 127 
failure, the complainant applying to him for that purpose and giving the usual notice to the defendant. And at the same time the said clerk and master, if applied to, as aforesaid, shall report the yearly value of the said forty acres, to be rented, from the day of the said deed signed, by the defendant as aforesaid, to the day when the possession thereof shall be delivered to the complainant by the defendant Urie, giving credit for the value of such years, in which, in the mean time, the complainant Espie may have had possession thereof, by himself or tenants, or may have received the rents, and the balance found due upon this account shall also be paid by the defendant to the said complainants, except sums due or paid for rents prior to the death of the complainant, which sums shall be paid to his executors. And decree further, that the defendant shall pay the costs of this suit.